## CAMPBELL v. VARNEY.

1. WAIVER OF NOTICE.   A promise by an indorser to pay a note indorsed after maturity operates as a waiver of any right which accrued to the indorser by reason of a failure to present the same to the maker and to give notice thereof, only when such promise is unqualified in its terms.

*Appeal from Polk District Court.*

FRIDAY, JUNE 7.

DEFENDANT is sued as the indorser of three negotiable promissory notes, transferred by indorsment after maturity. He answers, among other things, that he had no notice of the non-payment of said notes by the maker.   To this there is a replication that defendant waived notice of non-payment and this is denied in the rejoinder.   Other issues were joined, but the case turned upon the one above stated.   Judgment for the plaintiff, and defendant appeals.

*Phillips & Phillips* for the appellant.

I.  A notice of demand and non-payment need not be in writing to charge the indorser.   1 Chit. Bills 502; Chit. Pr. 504.

II.  If there were any laches his subsequent promise to pay operated as a waiver of them.   Chit. on Bills 535, and note 1, and the authorities there cited; *Abbott* v. *Striblen*, 4 Iowa 191; 2 Greenl. on Ev. §§ 184, 190 and the authorities there cited; 2 Smith L. C. 60.

III.  It is not necessary for the plaintiff to prove that defendant made this promise to pay with a full knowledge of his rights.   An unqualified promise to pay dispenses with evidence of this knowledge, as the law implies it when the defendant had the means in his power of obtaining a knowledge of the facts and of his legal liability arising thereon. *Bilbie* v. *Tumley*, 2 East. 469; *Stevens* v. *Lynch*, 12 East. 38; Chit. on Bills 536, and the authorities there cited; 2 Greenl. Ev. § 184 and the authorities there cited.

*Stephen Sibley* for the appellee.

I.  Notice of non-payment of a note by the maker thereof must be given in a reasonable time to charge the indorser. Chit. Bills 465.   As to what is reasonable time, see Story Prom. Notes § 506 *a*; Chit. Bills 498–509–529 *et seq*.

II. The law is in no wise different when the note is indorsed after due. Such indorsement is said to have the effect of drawing a bill on the maker at sight. The indorser is bound to present it to the maker within the time fixed for the presentation of such bills, and upon a failure of the maker to pay, to notify the indorser thereof without delay. Chit. Bills 242, 249 note; *Stockman* v. *Riley*, 2 McCord 398; *Berry* v. *Robinson*, 9 John 121; 2 Conn. 419; 8 Serg. & R. 351; 2 N. H. 159; 3 Wend. 79; 3 Conn. 497; *Colt* v. *Barnard*, 18 Pick 260.

II. To show such promise the plaintiff was bound to prove that it was made by defendant with full knowledge of the *fact* that he was discharged by the laches of the plaintiff. Story on Prom. Notes, § 275 and notes and cases cited.

WRIGHT, J.—All of the testimony is before us by proper bill of exceptions. A motion was made for a new trial upon the ground, among others, that the verdict was against the evidence. This motion should have been sustained. That defendant was entitled to notice of the presentation of the note to the maker, and of its non-payment, is admitted by the pleadings, and is not controverted by plaintiff in his argument. He insists, however, that it was given, or if not, it was waived. There is no pretence of an actual waiver, but it is claimed that there was a promise to pay by the indorser which was in law a waiver of the right to object to a want of notice, and also an admission of the plaintiff's right of action and that the notes had been regularly presented for payment, and due notice of non-payment given. As we understand the record there was no evidence from which the jury could have inferred notice, and none is alleged in the pleadings. Indeed it is but two evident from the entire record that plaintiff relied upon proof of a subsequent promise to pay. To give to such promise the effect claimed it is admitted that it must have been unqualified. And of such promise there is no satisfactory evidence. To prove that

defendant said at one time, "that he had dried fruit with him and would pay the notes when he sold it," and at another time, that he "felt himself bound for the payment," is not such proof of an unqualified promise as the law requires. And yet this is all the proof on this subject to be found on the record.

Judgment reversed.